**Mattie Edens MEDIGOVICH, Appellant,**

**v.**

**PACIFIC MUTUAL LIFE INSURANCE COMPANY, a Corporation, Appellee.**

**No. 14682.**

United States Court of Appeals Ninth Circuit.

Aug. 6, 1956.

**610**

Snell & Wilmer, Phoenix, Ariz., for appellant.

Evans, Hull, Kitchel & Jenckes, Phoenix, Ariz., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

POPE, Circuit Judge.

This is an appeal from a judgment in favor of the defendant-appellee by the District Court for the District of Arizona in an action to recover a sum payable under a life insurance policy.

In 1950 appellee issued a group insurance policy to one Michaels, as Trustee for the Arizona Retail Lumber and Builders Supply Association Inc. Trust Fund. This policy was designed to give group coverage to the lumber dealers who belonged to the Association and to their employees. Cottonwood Lumber Company, which was composed of appellant, her husband and their two children, Billy —13, and Joan—17, as partners belonged to the Association. The master policy provided that partners could be considered employees for the purposes of the policy while "actively engaged in the business of the partnership". It provided:

> "If any of the subscribing employers is a partnership, the partners thereof shall be considered employees within the meaning of this policy if and while actively engaged in the business of the partnership. If any of the subscribing employers is a proprietorship, the individual proprietor thereof shall be considered an employee on the same terms as those applicable to partners of a partnership."

On July 3, 1952, Joan Medigovich applied for and received a certificate of insurance under this policy naming her mother, the appellant, as beneficiary. This was after Joan had graduated from high school. At the time she was working in the business performing various clerical duties, averaging five or six hours a day.

On September 27, 1952, Joan entered Stanford University where she remained until November 14 or 15. Mrs. Medigovich, herself an active full partner, testified that during this period of about six weeks she would write Joan each day with respect to partnership business matters. Thus when during this period another lumber company was bought that matter was discussed with Joan. According to the testimony of the mother there was thus daily correspondence or communication over the telephone with Joan relating to the conduct of the partnership business, and Joan continued to share in the partnership profits.

Joan returned to Cottonwood about the middle of November; she was ill for a week and then returned to the work in the office where she continued to work as before until January 20, 1953. On that date she left for Tempe, near Phoenix, Arizona, to enter Arizona State College. Her mother testified that it was contemplated

that Joan would return to her home in Cottonwood each week-end, and resume her work in the business during those times. However, Joan died by her own hand three days after she entered school at Tempe.

The Court's only findings are contained in its order for judgment, as follows:

"The Court finds that Joan E. Medigovich, deceased, was insured by the defendant in the amount of $5,000.00 effective July 3, 1952, as a partner actively engaged in the business of Cottonwood Lumber Co., a partnership. The Court finds further, however, that Joan E. Medigovich ceased to be actively engaged in the business of Cottonwood Lumber Co. on or about September 17, 1952, and that her insurance terminated thirty-one (31) days thereafter, as provided by the terms of Group Policy No. GL–2208 and Certificate No. 266 issued thereunder.

"Accordingly, It Is Ordered that the Clerk enter judgment herein in favor of the defendant and against the plaintiff."

It is noted that the partners, if the employer is a partnership, are to be covered "if and while actively engaged in the business of the partnership". So far as this paragraph is concerned, it contains no more precise definition of what constitutes being "actively engaged in the business of the partnership". It is plain that ordinarily one may be an active partner in a business although his activity consists solely of giving counsel and advice and giving orders to others. Thus a partner who is bedridden and cannot drive a truck or pile lumber or even make bookkeeping entries could nevertheless be actively engaged in the business of the partnership. The language here used was chosen by the insurance company and it must be construed most strongly against the appellee.

The argument on behalf of the insurance company is that Joan's status was governed by other sections of the policy which referred to employees in the ordinary sense. This portion of the policy reads as follows:

"Termination of An Employee's Insurance—An employee's insurance under this policy shall terminate at the earliest time indicated below; without prejudice, however, to any rights to insurance under the section entitled 'Extended Insurance':

"(a) The insurance of an employee shall terminate thirty-one days after termination of employment. Cessation of active work in the classes of employees eligible for insurance shall be deemed termination of employment, except that while an employee is absent on account of sickness or injury, employment shall be deemed to continue until premium payments for such employee's insurance are discontinued. At the option of the Trustees, the insurance of an employee may be continued during a temporary lay-off but not beyond the end of the policy month following the policy month in which the lay-off starts, or may be continued during an authorized leave of absence granted by a Subscribing Employer for reasons other than sickness or injury but not beyond the period ending three months after such leave of absence starts."

On the face of it this would appear to be apt language referring to an ordinary employee, but there is nothing in the policy which expressly says that a partner or an individual proprietor employer is subject to that provision. It seems clear that an employee proper and a partner or individual proprietor were considered to be in separate classes. For instance "cessation of active work in the classes of employees eligible for insurance" seems inapplicable to a partner who under the other section remains insured "if and while actively engaged in the business of the partnership". The last quoted language is not dependent upon the kind or class of work which the partner or proprietor does.

Another indication that employees proper are to be differentiated from partners and proprietors is to be found in the first paragraph of the insurance schedule which provides:

"The classes of employees eligible for insurance hereunder shall be such of the classes of employees of a Subscribing Employer, determined by conditions pertaining to employment, as are reported in writing to the Insurance Company by the Trustee; provided, however, that part-time employees (but not including full-time employees temporarily working on a part-time basis) shall not be eligible for insurance hereunder."

This provides that part-time employees shall not be eligible. Manifestly none of this language is intended to be applicable to a partner or proprietor because the latter could be actively engaged in the business even although three-fourths of his time was spent in another business.

In short, in the absence of some appropriate language compelling a different construction, it seems plain that the language first above quoted constitutes a complete definition of the circumstances under which a partner may be covered. This suggests a further reason why Joan may well have been covered here. Admittedly she never ceased being a partner. Even if we assume that being out of town prevented her from being actively engaged in the business of the partnership, such condition did not necessarily exist after her return to Cottonwood. There was testimony that she remained in Cottonwood working five or six hours every day until January 20, 1953.

The indications in the very brief order quoted above are that the trial court held that Joan was not covered because her case was governed by the limitations stated with respect to termination of an ordinary employee's insurance. The Court refers to the date of September 17, 1952, (apparently meaning September 27) and then says the insurance terminated 31 days thereafter. If the Court had simply found that she ceased to be "actively engaged in the business of the partnership" because it did not credit the testimony of the mother and because it believed that at the time of her death Joan had no part in the partnership business, a different case would be presented here. The findings are insufficiently definite to let us know on what theory the Court proceeded and for that reason the case should be remanded for more specific findings.

It is so ordered.